# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Paula Zelesnik,

    Plaintiff,                                              Case No. 1:17cv505

    v.                                                      Judge Michael R. Barrett

Krista, *et al.*,

    Defendants.

## ORDER

This matter is before the Court upon the Magistrate Judge's August 2, 2017 Report and Recommendation ("R&R"). (Doc. 4). The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff sent a copy of the August 2, 2017 R&R along with other documents sent to her from this Court to the District Court for the Northern District of Ohio. (Doc. 5). These documents were then forwarded to this Court. The copy of the R&R includes a handwritten note on page 3 of 5. (Doc. 5-2, PAGEID # 28).[1] The Court construes this handwritten note as an objection to the August 2, 2017 R&R.

The Magistrate Judge reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge recommends that Plaintiff's claims should be dismissed with prejudice. Only a portion of Plaintiff's handwritten objection is legible, but

---

[1]This is the only alteration of these documents. With the exception of this handwritten note, these filings appear to be copies of the documents sent by this Court to Plaintiff on August 2, 2017. (See Docs. 2 and 4).

it states: "I stated I want all the protection orders that Cincinnati Judge Bachman and Judge Heekin dismissed." There is also a reference to "human trafficking."

This Court must conduct a *de novo* review of those portions of a magistrate judge's R&R or specified proposed findings or recommendations to which objection is made. 28 U.S.C.A. § 636(b)(1). However, "[t]he objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). In this instance, the Court is unable to determine which portion of the R&R is in contention. Therefore, Plaintiff's objections are **OVERRULED**. Accordingly, the Magistrate Judge's August 2, 2017 R&R (Doc. 4) is **ADOPTED**. It is hereby **ORDERED** that this action be **DISMISSED with PREJUDICE** for failure to state a claim for relief. Pursuant to 28 U.S.C. § 1915(a) an appeal of this Order would not be taken in good faith; and therefore Plaintiff is denied leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

              */s/ Michael R. Barrett*
              JUDGE MICHAEL R. BARRETT